NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD J BELLAZZIN, 3RD, | |
| Plaintiff, | Civil Action No. 24-06278-MEF-AME |
| v. | OPINION and ORDER |
| L'OREAL USA, | |
| Defendant. | |

This matter is before the Court on the motion of Plaintiff *pro se* Richard J. Bellazzin, 3rd ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). [D.E. 3]. Upon review and consideration of the papers submitted in connection with the motion, this Court finds no need for oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, and for good cause shown, the motion is denied.

**I.      RELEVANT BACKGROUND**

In this action, Plaintiff alleges instances of harassment and discrimination in the workplace at Defendant L'Oréal USA, including racial slurs directed at him by employees, an allegedly discriminatory drug test, and an inability to move up in the company despite having the proper qualifications. [*See generally* Compl, D.E. 1 at 3]. Together with the complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"), which the District Court granted on May 22, 2024, and the motion for *pro bono* counsel. [D.E. 1-2, 3, 4]. In support of the *pro bono* counsel motion, Plaintiff merely states that he lacks the financial means to obtain private counsel and that he works over sixty hours a week to support his family. [*See* D.E. 3 at 3; D.E. 10].

## II.     DISCUSSION

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding that the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)). To determine whether appointed counsel is warranted, the Court must apply the analysis formulated by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155). For purposes of this motion only, this Court assumes Plaintiff's action has arguable merit. Thus, the Court proceeds to consider the following six factors, as required by *Tabron*, in turn:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). The decision "must be made on a case-by-case basis." *Id.* at 157-58. It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Parham*, 126 F.3d at 458). As set forth in more detail below, the Court concludes that

appointment of *pro bono* counsel to represent Plaintiff in this action is not warranted, at least on the current record.

First, Plaintiff has demonstrated he is able to present his own case. To evaluate this factor, *Tabron* instructs that courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. However, "the fact that an indigent party lacks a trial lawyer's skills does not mean that the court should grant [his] request for counsel." *Bragg v. Wilson*, No. 16-2868, 2017 WL 6554150, at *4 (D.N.J. Dec. 21, 2017) (citations and internal quotation marks omitted). Although Plaintiff does not appear to have legal training, he has thus far demonstrated an ability to successfully navigate the substance and mechanics of filing applications for various relief. In addition to the IFP application and this motion, Plaintiff has utilized court supplied forms, including Plaintiff's operative complaint, civil cover sheet, and a consent form to receive documents electronically. [*See generally* D.E. 1]. Plaintiff has also submitted correspondence to the Court, which demonstrates his ability to utilize the electronic filing system and advocate for relief. [D.E. 8, 9, 10]. Thus, the first *Tabron* factor weighs against granting Plaintiff's application for the appointment of counsel.

With respect to the second *Tabron* factor, the presence of complex legal issues supports the appointment of counsel only "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156 (internal citation omitted). Here, Plaintiff's cause of action does not include complex or ambiguous legal issues, but rather, appears to be a straightforward employment discrimination case. Furthermore, Plaintiff makes no mention of the complexity of the action and does not demonstrate why this factor supports appointing *pro bono* counsel. Accordingly, the second *Tabron* factor weighs against appointing *pro bono* counsel.

Third, this action is unlikely to require extensive discovery given it is against a single defendant and involves limited allegations and parties. Plaintiff has not yet served Defendant with process and, thus, discovery has not yet begun. However, Plaintiff has already shown a capability for accessing resources, drafting legal documents, reviewing case filings, and complying with deadlines. While Plaintiff's supplemental letter outlines his financial and time constraints as a single parent and provider for three kids, Plaintiff has not specifically raised any insurmountable difficulty to engage in discovery, assuming the exercise of diligence. [D.E. 10]. Additionally, Plaintiff lists a limited number of individuals who allegedly participated in or witnessed the alleged instances of discrimination and specifically stated, in the complaint, that "[n]o one else was involved." [Compl, D.E. 1 at 3]. This suggests that discovery will not be overly burdensome for Plaintiff, again, assuming the exercise of diligence and acknowledging the challenge that any *pro se* litigant would face in managing other responsibilities while also advancing litigation. Thus, the third *Tabron* factor also weighs against the appointment of *pro bono* counsel.

Fourth, the Court must consider whether Plaintiff can afford counsel. Typically, this factor depends on whether the movant has been granted *in forma pauperis* status. *Montgomery*, 294 F. 3d at 505. Here, Plaintiff has established his indigence. [*See* D.E. 4]. Accordingly, the fourth *Tabron* factor weighs in favor of appointment of counsel.

Fifth, in its current stage of development, before the commencement of discovery, this action does not appear to necessarily depend on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460 ("While the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not."). Nothing in the record so far suggests this case will involve a

4

swearing contest or depend on credibility determinations, particularly as the sole defendant has yet to appear in this action. Accordingly, this factor also weighs against the relief sought.

Finally, the Court must consider whether the action may require expert testimony. As discussed, Plaintiff's claims revolve around his firsthand interactions with Defendant and Defendant's employees concerning allegedly discriminatory conduct directed at Plaintiff. Thus, the claim is not based upon a medical injury that would inherently require expert testimony. However, although the complaint and motion do not directly indicate that expert testimony will be necessary, Plaintiff has submitted supplemental documentation discussing his treatment of anxiety and identifying the alleged hostile work environment as a current stressor in his life. [D.E. 8]. Because Plaintiff notes mental and emotional distress as a basis for relief, Plaintiff may potentially rely on expert testimony to demonstrate damages. Nevertheless, as it is unknown at this time whether Plaintiff will in fact utilize expert testimony, the Court finds the fifth *Tabron* factor to be neutral. *See Heffley v Steele*, No. 17-01624, 2019 WL 5092127, at *3 (D.N.J. Dec. 21, 2017) (holding that the expert testimony factor was neutral where Plaintiff was not required to proffer expert testimony to successfully establish his ADA claim); *L.A. ex rel. Z.Kh. v. Hoffman*, F. Supp. 3d 649, 679 (D.N.J. 2015) (holding that the expert testimony factor was neutral where it was unknown whether experts would be necessary).

Ultimately, no single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate under Section 1915. *Parham*, 126 F.3d at 458. To be sure, Plaintiff's indigence favors appointing counsel. However, without passing upon the gravity or efficacy of the allegation that animate his complaint, on balance, the totality of the relevant circumstances militate against allocating the scarce resource of *pro bono* counsel to represent Plaintiff in this action, at least on the current record.

### III.  CONCLUSION AND ORDER

**WHEREAS**, for the foregoing reasons, and in its discretion, the Court concludes that appointment of *pro bono* counsel to represent Plaintiff is not warranted. Accordingly,

**IT IS** on this 14th day of July, 2024,

**ORDERED** that Plaintiff's motion for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 3] is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall terminate the motion at D.E. 3, and serve a copy of this Order on Plaintiff.

/s/ *André M Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge
